UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
THE ANNUITY, PENSION, WELFARE and APPRENTICESHIP
SKILL IMPROVEMENT AND SAFETY FUNDS of the
INTERNATIONAL UNION OF OPERATING ENGINEERS,
LOCAL 137, 137A, 137B, 137C & 137R, AFL-CIO, by its
TRUSTEES EDWARD KELLY, JEFFREY LOUGHLIN,
PETER PATERNO, ROSS PEPE, NICHOLAS SIGNORELLI
and NICHOLAS SIGNORELLI, JR., and JOHN and JANE DOE,
as Beneficiaries of the ANNUITY, PENSION, WELFARE and
APPRENTICESHIP SKILL IMPROVEMENT AND SAFETY
FUNDS of the INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 137, 137A, 137B, 137C & 137R, AFL-CIO,



**AMENDED COMPLAINT**

08-CIV-4739 (SCR)

                                Plaintiffs,

    -against-

AMERICAN TREE & LANDSCAPE CORP.,

                                Defendant.
----------------------------------------------------------------X

        Plaintiffs, by their attorneys, BRADY McGUIRE & STEINBERG, P.C., for their Complaint, respectfully allege:

        1.      This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA") to recover delinquent contributions owed to employee fringe benefit trust funds.

## JURISDICTION

        2.      The subject matter jurisdiction of this Court is invoked pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145.

        3.      Venue is properly laid in the Southern District of New York pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that, as shown below, the ANNUITY, PENSION, WELFARE and APPRENTICESHIP SKILL IMPROVEMENT & SAFETY FUNDS

of the INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 137, 137A, 137B, 137C & 137R, AFL-CIO ("LOCAL 137") are administered in the County of Westchester, State of New York at 1360 Pleasantville Road, Briarcliff Manor, New York 10510.

## THE PARTIES

4. The LOCAL 137 ANNUITY, PENSION, WELFARE and APPRENTICESHIP SKILL IMPROVEMENT AND SAFETY FUNDS (hereinafter collectively referred to as the "LOCAL 137 TRUST FUNDS") are joint trustee funds established by various trust indentures pursuant to Section 302 of the Labor Management Relations Act, 29 U.S.C. § 186. The Trustees of the LOCAL 137 TRUST FUNDS maintain the subject plans at offices located at 1360 Pleasantville Road, Briarcliff Manor, New York.

5. EDWARD KELLY, PETER PATERNO, ROSS PEPE, SAL SANTAMORENA, NICHOLAS SIGNORELLI and NICHOLAS SIGNORELLI, JR. are Trustees of the LOCAL 137 ANNUITY, PENSION, WELFARE and APPRENTICESHIP SKILL IMPROVEMENT AND SAFETY FUNDS and are "fiduciaries" within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6. The LOCAL 137 ANNUITY and PENSION FUNDS are employee pension benefit plans within the meaning of Section 3(2) of the ERISA, as amended, 29 U.S.C. § 1002(2), established for the purpose of providing retirement income to employees.

7. The LOCAL 137 WELFARE and APPRENTICESHIP SKILL IMPROVEMENT AND SAFETY FUNDS, are employee welfare benefit plans within the meaning of Section 3(1) of ERISA, 29, U.S.C. §1002(1), established for the purpose of providing medical and other benefits to the employees of contributing employers.

8. JOHN and JANE DOE are beneficiaries of the LOCAL 137 TRUST FUNDS within the meaning of Section 3(8) of ERISA, 29 U.S.C. § 1002(8).

9. The LOCAL 137 TRUST FUNDS constitute multi-employer/employee benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. § 1002(3) and (37).

10. Upon information and belief, Defendant AMERICAN TREE & LANDSCAPE CORP. ("AMERICAN TREE") was and still is a New York corporation, with its principal place of business located at 178 Charles Colman Boulevard, Pawling, New York 12564.

11. Upon information and belief, Defendant AMERICAN TREE was and still is a foreign corporation duly licensed to do business in the State of New York.

12. Upon information and belief, Defendant AMERICAN TREE was and still is a foreign corporation doing business in the State of New York.

13. Upon information and belief, Defendant AMERICAN TREE is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

## AS AND FOR A FIRST CAUSE OF ACTION

14. Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 13 inclusive, with the same force and effect as though more fully set forth at length herein.

15. Initially, Defendant AMERICAN TREE agreed to be bound by the terms and conditions of a collective bargaining agreement with LOCAL 137 known as the "Engineering Heavy and Highway Agreement" for the period of December 14, 2005 through March 2, 2008 (hereinafter referred to as the "Collective Bargaining Agreement") and adhered to the terms and conditions of the Collective Bargaining Agreement.

16. LOCAL 137 is a labor organization as defined in Section 2 of the LMRA, 29 U.S.C. § 152 et seq., having its principal office for the transaction of business at 1360 Pleasantville Road, Briarcliff Manor, New York.

17. Upon the formal expiration of the Collective Bargaining Agreement on March 2, 2008, Defendant AMERICAN TREE did not execute a subsequent version of the "Engineering Heavy & Highway Agreement" with LOCAL 137 (the "subsequent collective bargaining agreement").

18. Instead, upon information and belief, Defendant AMERICAN TREE has continued to employ members of LOCAL 137 through a course of conduct which included consenting to a payroll audit which covered the period of March 1, 2007 through December 31, 2007, executing and submitting Building Remittance Benefit Forms, submitting fringe benefit contribution payments to the Plaintiffs during the period of December 14, 2005 through March 2, 2008, deducting and remitting supplemental dues, paying the LOCAL 137 members in its employ the wage scale called for under the subsequent collective bargaining agreement, availing itself to the benefit of the union referral hall for the referral of employees and displaying conduct manifesting an intention to abide by the terms and conditions of the subsequent collective bargaining agreement.

19. As a result thereof and upon information and belief, Defendant AMERICAN TREE manifested an understanding and intent to be bound by the subsequent collective bargaining agreement through its words, actions and course of conduct and has continued to employ LOCAL 137 members through the date hereof.

20. In accordance with the underlying Collective Bargaining Agreement and the Plan Documents, Defendant AMERICAN TREE consented to the performance of an audit of its

books and records to determine whether the Defendant had made all of the required fringe benefit contributions to the LOCAL 137 TRUST FUNDS in accordance with the Collective Bargaining Agreement for the period of March 1, 2007 through December 31, 2007.

21. That on or about June 20, 2008, the results of said audit were detailed by the Plaintiff's auditor which determined that Defendant AMERICN TREE had failed to provide the contractually required fringe benefit contributions for the period of March 1, 2007 through December 31, 2007 in the amount of $27,387.84. (A copy of the audit report is attached hereto as Exhibit "A".)

22. In addition thereto for the period audited, Defendant AMERICAN TREE is responsible for the payment of contractually required interest calculated on the audited deficiency amount detailed above in accordance with the terms of the aforementioned Collective Bargaining Agreement and in the amount of $8,901.04.

23. That Defendant AMERICAN TREE'S failure to pay the contractually required fringe benefit contributions and interest totaling $36,288.88 for the audit period of March 1, 2007 through December 31, 2007, is in violation of Section 515 of ERISA, 29 U.S.C. Section 1145 which requires that employers pay fringe benefit contributions in accordance with the terms and conditions of the applicable collective bargaining agreement.

24. In addition thereto, Defendant AMERICAN TREE has failed to make the contractually required fringe benefit contributions to the LOCAL 137 TRUST FUNDS for the period of January 1, 2008 through March 31, 2008 in the amount of $29,416.64 in violation of Section 515 of ERISA, 29 U.S.C. Section 1145 which requires that employers pay fringe benefit contributions in accordance with the terms and conditions of the applicable collective bargaining agreement.

25. Despite repeated efforts by the LOCAL 137 TRUST FUNDS to collect the contributions owed, Defendant AMERICAN TREE remains delinquent in making the proper contributions and has failed to pay any of the outstanding contributions owed to the LOCAL 137 TRUST FUNDS as detailed above.

26. Section 502 of ERISA, 29 U.S.C. § 1132 provides that upon a finding of an employer's violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to the Plaintiff Trust Funds: (a) the amount owed in unpaid fringe benefit contributions; together with (b) interest on the unpaid contributions computed at the rate provided for under the Plaintiff Trust Funds' Plan Documents, or if none, at the rate set forth in the United States Internal Revenue Code at 26 U.S.C. § 6621; (c) statutory damages; (d) reasonable attorneys' fees; and (e) the costs and disbursements of the action.

27. Accordingly, as a direct and proximate result of AMERICAN TREE'S defaults, omissions and breaches of the Collective Bargaining Agreement and Section 515 of ERISA, Defendant AMERICAN TREE is liable to the Plaintiffs in the amount of $65,705.52 along with potentially additional contributions, together with accumulated interest on the unpaid and/or untimely paid principal amount due and owing, statutory damages, reasonable attorneys' fees, and the costs and disbursements incurred in this action pursuant to Section 502 of ERISA, 29 U.S.C. § 1132.

## AS AND FOR A SECOND CAUSE OF ACTION

28. Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 27 inclusive, with the same force and effect as though more fully set forth at length herein.

29. Under the terms of the Collective Bargaining Agreement and ERISA, an employer is required to make payments to the LOCAL 137 TRUST FUNDS based upon an agreed sum or percentage for each employee hour of its hourly payroll worked or wages paid, and to report such employee hours and wages to the LOCAL 137 TRUST FUNDS.

30. Under the terms of the LOCAL 137 TRUST FUNDS' Agreements, State law and ERISA, Plaintiffs are entitled to audit Defendant AMERICAN TREE'S books and records.

31. Upon information and belief, Defendant may have underreported the number of employees, the amount of employee hours and wages paid to their employers and the contributions due for the period of January 1, 2008 through Present.

32. Plaintiffs therefore demand an audit of Defendant AMERICAN TREE'S books and records.

**WHEREFORE**, Plaintiffs demand judgment on the First Cause of Action as follows:

1. Of Defendant AMERICAN TREE & LANDSCAPE CORP. in the amount of contributions determined to be due and owing to the Funds of $65,705.52, plus any additional monies that may be determined to become justly due and owing to the LOCAL 137 TRUST FUNDS during the pendency of this action and before final judgment, together with:

   a. Prejudgment interest, computed at the plan rate or the applicable United States Treasury rate from the date on which the first payment was due on the total amount owed by Defendant, in accordance with Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B);

   b. Penalty interest or liquidated damages in accordance with Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C);

   c. Attorneys' fees, costs and disbursements in accordance with Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

      d.    Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

**WHEREFORE**, Plaintiffs demand judgment on the Second Cause of Action as follows:

1.    An order requiring Defendant AMERICAN TREE & LANDSCAPE CORP. to submit all books and records to Plaintiffs for audit at its cost in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E); and

2.    Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

Dated: Hastings-on-Hudson, New York  
       June 27, 2008

                              Yours, etc.

                              BRADY McGUIRE & STEINBERG, P.C.

By:    James M. Steinberg (JS-3515)  
          Attorneys for Plaintiffs  
          603 Warburton Avenue  
          Hastings-on-Hudson, New York 10706  
          (914) 478-4293

Exhibit A

Case 7:08-cv-04739-SCR    Document 4    Filed 06/30/2008    Page 9 of 14

# Schultheis & Panettieri, LLP
## CERTIFIED PUBLIC ACCOUNTANTS

Please Reply to:
210 Marcus Boulevard
Hauppauge, NY 11788-3740
Telephone: (631) 273-4778
Fax: (631) 273-3488

39 Broadway, Ste. 2250
New York, NY 10006-3061
Telephone: (212) 422-4045

http://www.snpcpa.com

Carol Westfall, C.P.A.
Vincent F. Panettieri, C.P.A.
Max Capone, C.P.A.
James M. Heinzman, C.P.A.
Patricia C. Bates, C.P.A.
Donna Panettieri, C.P.A.
Peter M. Murray, C.P.A.

**INDEPENDENT ACOUNTANTS' REPORT
ON APPLYING AGREED-UPON PROCEDURES**

Board of Trustees
c/o Ray Burgess, Jr.
International Union of Operating Engineers
 Local 137 Benefit Funds
1360 Pleasantville Rd.
Briarcliff Manor, NY 10510

Re:  Payroll Audit: American Tree & Landscape Corp.
     Fringe benefit period: March 1, 2007 – December 31, 2007

We have performed the procedures enumerated, which were agreed to by the management of the International Union of Operating Engineers Local 137 Benefit Funds (the "Funds"), solely to assist you with respect to determining whether the amount of employer contributions provided by American Tree & Landscape Corp. (the "Employer") on behalf of Funds' participants for the fringe benefit period March 1, 2007 through December 31, 2007 were made in accordance with collective bargaining agreements. The management of the Funds is responsible for the collection of employer contributions. This agreed-upon procedures engagement was conducted in accordance with attestation standards established by the American Institute of Certified Public Accountants. The sufficiency of the procedures is solely the responsibility of those parties specified in this report. Consequently, we make no representation regarding the sufficiency of the procedures described below either for the purpose for which this report has been requested or for any other purpose.

A.  **Procedure:** Gross wages reported in Employer's payroll records were compared to federal and state payroll tax filings. Any discrepancies that aggregate $500.00 or more, per quarter, will be reported.

   **Finding:** No exceptions were found as a result of applying the procedure.

B.   **Procedure:** Total payroll hours for participants were compared to hours reported for benefits. All discrepancies will be reported.

**Finding:** Exceptions were found as a result of applying the procedure. A fringe benefit deficiency totaling $36,288.88 was scheduled. (See Appendix A.) This audit covers the period March 1, 2007 through December 31, 2007. Months prior to March 2007 are covered by a settlement agreement.

C.   **Procedure:** Employer's cash disbursement journal was reviewed for transfers to related companies and non-payroll disbursements to participants. All transfers to related companies will be reported. Any non-payroll disbursements to participants that aggregate $500.00 or more, per calendar year, will be reported.

**Finding:** No exceptions were found as a result of applying the procedure.

D.   **Procedure:** Total payroll hours for participants performing covered work were compared to total hours reported on work cards.

**Finding:** No exceptions were found as a result of applying the procedure.

E.   **Procedure:** Owner/operators were determined based on an analysis of corporate tax returns. Owner/operators reporting less than the annual hourly requirement, per calendar year, will be noted.

**Finding:** No exceptions were found as a result of applying the procedure. (See Appendix B.)

We were not engaged to and did not conduct an audit, the objective of which would be the expression of an opinion on whether employers remitted contributions to the Funds in accordance with the various collective bargaining agreements. Accordingly, we do not express such an opinion. Had we performed additional procedures, other matters might have come to our attention that would have been reported to you.

This report is intended solely for the information and use of the Funds, and is not intended and should not be used by anyone other than those specified parties.

*Schultheis & Panettieri, LLP*
SCHULTHEIS & PANETTIERI, LLP
Hauppauge, New York

REPORT DATE: June 19, 2008

ISSUE DATE: June 20, 2008

/ew
Encs.
cc: Jim Steinberg, Esq. ✓

## IUOE 137 BENEFIT FUNDS

| | |
|---|---|
| Employer | American Tree & Landscape Corp. |
| Address | 58 Libby Lane, Pawling, NY 12564 |
| Principal(s) | Deborah E. Parrino |
| Position | President |
| Telephone # | (845) 855-3500 |
| Fax # | - |
| Audit Period | 03/01/07 TO 12/31/07 |

| Account# | Agreement |
|---|---|
| 3283 | Heavy Highway |

### Fringe Benefit Monies Due

Principal Due

| | |
|---|---:|
| Welfare | 12,295.20 |
| Pension | 4,658.64 |
| Apprentice Fund | 789.60 |
| IAF Fund | 394.80 |
| Annuity Fund | 7,896.00 |
| Supplemtal Fund | 1,297.20 |
| PAC Fund | 56.40 |
| | |
| Total Fringe Benefits Due: | $ 27,387.84 |
| Total Interest Due: | 8,901.04 |
| Total Interest & Fringe Benefits Due: | $ 36,288.88 |

06/19/08

IUOE 137 BENEFIT FUNDS
FRINGE BENEFIT DEFICIENCY
American Tree & Landscape Corp.
Audit Period: 03/01/07 - 12/31/07

APPENDIX "A"

| Name | SS# | MONTH | Hours Audited Limit to 40 | Hours Remitted Limit to 40 | Hours Due Limit to 40 | Hours Audited Worked | Hours Remitted Worked | Hours Due Worked | Hours Audited Paid | Hours Remitted Paid | Hours Due Paid | Fringe Benefit Calculation |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| GIGLIOTTI, THOMAS - | XXX-XX-9825 | April-2007 | 32.00 | 0.00 | 32.00 | 32.00 | 0.00 | 32.00 | 32.00 | 0.00 | 32.00 | $ 776.96 |
| Monthly Total | | | | | | | | | | | | $ 776.96 |
| Interest | | | | | | | | | | | | $ 252.51 |
| Total Due | | | | | | | | | | | | $ 1,029.47 |
| GIGLIOTTI, THOMAS - | XXX-XX-9825 | September-2007 | 160.00 | 0.00 | 160.00 | 160.00 | 0.00 | 160.00 | 160.00 | 0.00 | 160.00 | $ 3,884.80 |
| O'CONNOR, JOHN C. | XXX-XX-1384 | September-2007 | 160.00 | 0.00 | 160.00 | 160.00 | 0.00 | 160.00 | 160.00 | 0.00 | 160.00 | $ 3,884.80 |
| Monthly Total | | | 320.00 | 0.00 | 320.00 | 320.00 | 0.00 | 320.00 | 320.00 | 0.00 | 320.00 | $ 7,769.60 |
| Interest | | | | | | | | | | | | $ 2,525.12 |
| Total Due | | | | | | | | | | | | $ 10,294.72 |
| GIGLIOTTI, THOMAS - | XXX-XX-9825 | October-2007 | 120.00 | 0.00 | 120.00 | 120.00 | 0.00 | 120.00 | 120.00 | 0.00 | 120.00 | $ 2,913.60 |
| O'CONNOR, JOHN C. | XXX-XX-1384 | October-2007 | 152.00 | 0.00 | 152.00 | 152.00 | 0.00 | 152.00 | 152.00 | 0.00 | 152.00 | $ 3,690.56 |
| Monthly Total | | | 272.00 | 0.00 | 272.00 | 272.00 | 0.00 | 272.00 | 272.00 | 0.00 | 272.00 | $ 6,604.16 |
| Interest | | | | | | | | | | | | $ 2,146.35 |
| Total Due | | | | | | | | | | | | $ 8,750.51 |
| GIGLIOTTI, THOMAS - | XXX-XX-9825 | November-2007 | 128.00 | 0.00 | 128.00 | 128.00 | 0.00 | 128.00 | 128.00 | 0.00 | 128.00 | $ 3,107.84 |
| O'CONNOR, JOHN C. | XXX-XX-1384 | November-2007 | 144.00 | 0.00 | 144.00 | 144.00 | 0.00 | 144.00 | 144.00 | 0.00 | 144.00 | $ 3,496.32 |
| Monthly Total | | | 272.00 | 0.00 | 272.00 | 272.00 | 0.00 | 272.00 | 272.00 | 0.00 | 272.00 | $ 6,604.16 |
| Interest | | | | | | | | | | | | $ 2,146.35 |
| Total Due | | | | | | | | | | | | $ 8,750.51 |

**IUOE 137 BENEFIT FUNDS**
**FRINGE BENEFIT DEFICIENCY**
American Tree & Landscape Corp.
Audit Period: 03/01/07 - 12/31/07

APPENDIX 'A'

| Name | SS# | MONTH | Hours Audited Limit to 40 | Hours Remitted Limit to 40 | Hours Due Limit to 40 | Hours Audited Worked | Hours Remitted Worked | Hours Due Worked | Hours Audited Paid | Hours Remitted Paid | Hours Due Paid | Fringe Benefit Calculation |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| GIGLIOTTI, THOMAS | XXX-XX-9825 | December-2007 | 32.00 | 0.00 | 32.00 | 32.00 | 0.00 | 32.00 | 32.00 | 0.00 | 32.00 | $ 776.96 |
| O'CONNOR, JOHN C. | XXX-XX-1364 | December-2007 | 200.00 | 0.00 | 200.00 | 200.00 | 0.00 | 200.00 | 200.00 | 0.00 | 200.00 | $ 4,856.00 |
| Monthly Total | | December-2007 | 232.00 | 0.00 | 232.00 | 232.00 | 0.00 | 232.00 | 232.00 | 0.00 | 232.00 | $ 5,632.96 |
| Interest | | | | | | | | | | | | $ 1,830.71 |
| Total Due | | | | | | | | | | | | $ 7,463.67 |

Total Fringe Benefits Due: $ 27,387.84
Total Interest Due: $ 8,901.04
Total Interest & Fringe Benefits Due: $ 36,288.88